Cedeno v Bollyky (2025 NY Slip Op 03969)

Cedeno v Bollyky

2025 NY Slip Op 03969

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Rodriguez, Rosado, JJ. 

Index No. 159460/18|Appeal No. 4673|Case No. 2024-02207|

[*1]Annette Cedeno, Plaintiff-Respondent-Appellant,
v
Andrea Bollyky et al., Defendants-Appellants-Respondents.

Herrick, Feinstein LLP, New York (Devin W. Ness of counsel), for appellants-respondents.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent-appellant.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered March 21, 2024, which denied plaintiff's motion for summary judgment and dismissal of defendants' counterclaims and denied defendants' cross-motion for summary judgment on their counterclaims, unanimously affirmed, without costs.
Supreme Court correctly found that triable issues of fact preclude summary judgment in favor of either party. Plaintiff ratified the revised sublease when she appeared at the building on August 6, 2018 with a certified check for $186,000 labeled "Security Deposit" and another for $15,500 labeled "Rent Aug 2018" (see Ganieva v Black, 234 AD3d 543, 545 [1st Dept 2025]). Her assertion of economic duress cannot be sustained because no evidence was presented sufficient to raise a triable issue of fact that she was compelled to agree to the revised sublease by means of a wrongful threat which precluded the exercise of her free will (see Stewart M. Muller Constr. Co. v New York Tel. Co., 40 NY2d 955, 956 [1976]). However, there remain triable issues of fact as to which party breached the revised sublease. Specifically, whether plaintiff complied with the requirement to pay the broker in full and provide certain insurance, and whether defendants demonstrated that their refusal to tender possession of the apartment on August 6, 2018 was proper as a matter of law, are issues to be decided by the trier of fact (see e.g. P. A. Bldg. Co. v City of New York, 305 AD2d 244, 245-246 [1st Dept 2003]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025